UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JUAN MERCADO, *et al.*.

        **Plaintiffs,**

v.

    CASE NO. 2:14-CV-2644
    CHIEF JUDGE EDMUND A. SARGUS, JR.
    MAGISTRATE JUDGE ELIZABETH PRESTON DEAVERS

REALTY PLACE, INC., *et al.*,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss of Defendants Evan and Emily Jackson, (ECF No. 4), and Motion for Judgment on the Pleadings of Defendant Realty Place, Inc. (ECF No. 7). For the reasons that follow, the Court **GRANTS** Defendants' Motions as to Count I, and **REMANDS** this case to the Franklin County Court of Common Pleas.

### I. BACKGROUND

In 2010, Plaintiffs entered into an annually renewable lease agreement with Defendant Realty Place, Inc. ("Realty Place"). (ECF No. 2, Page ID 33, 42, Compl. ¶ 7).[1] For several years, Plaintiffs "timely and dutifully paid rent and their lease was renewed annually." (ECF No. 2, Page ID 34, Compl. ¶ 9). However, in July 2013, Plaintiff Juan Mercado was diagnosed with cancer, and he "informed Defendants that the financial strains associated with the cancer may impact Plaintiff's ability to timely pay rent because his ability to work would necessarily be hindered." (ECF No. 2, Page ID 34, Compl. ¶¶ 10, 11). "Defendants continued to accept

---

[1] Plaintiffs attach as Exhibit A a copy of a lease dated September 6th, 2011. (ECF No. 2, Page ID 42).

Plaintiffs' late payment without voicing any concern or disappointment." (ECF No. 2, Page ID 35, Compl. ¶ 19). However, "when Mr. Mercado went to pay rent on February 22, 2014, he was told that Defendants 'did not want [Plaintiffs'] money' and that [Defendants] wanted Mr. Mercado's family 'out of the house'," and on February 24, 2014, Plaintiffs were served with a 3-day notice to vacate. (ECF No. 2, Page ID 36, Compl. ¶¶ 21, 24).

On February 28, 2014, Realty Place filed an action in the Franklin County Municipal Court that contained a cause of action for forcible entry and detainer, and a second cause of action for "money only." (ECF No. 4-1, Exh. A). The Mercados did not respond to the law suit, but voluntarily vacated the premises. Accordingly, the first count of the complaint, which requested return of the premises, was voluntarily dismissed without prejudice on March 14, 2014. Seven months later, on October 16, 2014, Realty Place filed a Notice of Voluntary Dismissal of all Claims with Prejudice, purporting to dismiss with prejudice both counts of the complaint, including the previously dismissed claim for forcible entry and detainer, pursuant to Ohio Civ. R.P. 41(A)(1)(a). (ECF No. 4-1, Exh. A, "Notice of Voluntary Dismissal of all Claims with Prejudice").

On or about November 18, 2014, the Mercados filed a seven-count civil action in the Franklin County Court of Common Pleas, Case No. 14 CV 011982. (ECF No. 1, Exh. A). On December 16, 2014, Defendant Realty Place filed a Notice of Removal to this Court, based upon federal question jurisdiction, "pursuant to 28 U.S.C. §§ 1331 and 1441, *et seq.*", because Plaintiffs' complaint alleged a violation of the federal Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.* (ECF No. 1, Page ID 1).

## II. ANALYSIS

Defendants move to dismiss this case on several grounds, including an assertion that the action is barred by the doctrine of *res judicata,* arguing that Plaintiffs are attempting to bring claims in this action that should have been brought as counterclaims in the original Municipal Court action. Additionally, Defendant Realty Place moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), and Defendants Evan and Emily Jackson move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 7, 4). Because this Court finds that the Count I of the complaint fails to state a federal claim upon which relief may be granted, it will not address Defendants' remaining arguments, including their argument that this action is barred by the doctrine of *res judicata*.

### A. Standard of Review

For a complaint to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Fed R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). For a claim to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations contained in a complaint "must be enough to raise a right to relief above the speculative level…" *Twombly* at 555.

The same analysis is applied to motions for judgment on the pleadings pursuant to Rule 12(c) as to motions to dismiss pursuant to Rule 12(b)(6). *McGath v. Hamilton Local Sch. Dist.*, 848 F.Supp.2d 831, 836 (S.D. Ohio 2012), citing *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010).

> Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A., v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (*citing Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).
>
> In considering a motion for judgment on the pleadings, the court considers the pleadings, which consist of the complaint, the answer, and any written instruments attached as exhibits. Fed. R. Civ. P. 12(c), Fed. R. Civ. P. 7(a) (defining "pleadings" to include both the complaint and the answer); *Housing Authority Risk Retention Group, Inc. v. Chicago Housing Auth.*, 378 F.3d 596, 600 (7th Cir. 2004). While the allegations in the complaint are the primary focus in assessing a Rule 12 (c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (*quoting Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

*Id.* at 836-37.

### B. Fair Housing Act Claim

Plaintiffs assert in Count I that Defendants violated O.R.C. § 4112.02(H) and the federal Fair Housing Act, 42 U.S.C. § 3604, which prohibit a landlord from denying or making unavailable housing on the basis of a number of factors, including disability,[2] asserting that Defendants failed to make a reasonable accommodation for Plaintiff's diagnosis of cancer.[3] (ECF No. 2, Page ID 37, Compl. ¶¶ 27 – 32).

---

[2] The federal Fair Housing Act uses the term "handicap." The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, use the term "disabled."

[3] The provisions of O.R.C. § 4112.02(H) are equivalent to claims filed under the federal Fair Housing Act. *Groner v. Golden Gate Gardens Apartments*, 250 F.3d 1039, 1043 (6th Cir. 2001).

> The Fair Housing Act makes it unlawful to discriminate against "any person in the terms, conditions, or privileges of sale or rental of a dwelling or in the provision of service or facilities in connection with such dwelling," on the basis of that person's handicap. 42 U.S.C. § 3604(f)(2)(A). Discrimination prohibited by the Act includes the refusal to make reasonable accommodations in "rules, policies, practices, or services, when such accommodations may be necessary to afford [the handicapped individual an] equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). Moreover, the Act "imposes an affirmative duty upon landlords reasonably to accommodate the needs of handicapped persons." *United States v. California Mobile Home Park Mgmt. Co.*, 29 F.3d 1413, 1416 (9th Cir. 1994); see also H.R. Rep. No. 100-711 at 25 (1988), U.S. Code Cong. & Admin. News at 2173, 2186.
>
> \*\*\*
>
> An accommodation is reasonable when it imposes no "fundamental alteration in the nature of a program" or "undue financial or administrative burdens."

*Groner v. Golden Gate Gardens Apartments*, 250 F.3d 1039, 1043-1044 (6th Cir. 2001).

Plaintiffs are unable to make out a prima facie case of housing discrimination in this case. Rather than showing that they were evicted because of a handicap or disability, it is clear from the face of the complaint that Plaintiffs for a period of time did not pay their rent on time.[4] (ECF No. 2, Page ID 35 – 36, Compl. ¶¶ 16, 19, 20).

Plaintiffs seek to show that Defendants discriminated against Mr. Mercado because he had cancer, by alleging that

> "Defendants wrongfully evicted Plaintiffs because Mr. Mercado had cancer and was incurring medical bills as a result and not due to any legitimate, nondiscriminatory reason." (ECF No. 2, Page ID 37, Compl. ¶ 30). To support their position, Plaintiffs assert that "Defendants had previously assured Plaintiffs that they should not worry about timely paying rent under the circumstances."

(ECF No. 2, Page ID 37, Compl. ¶ 31).

---

[4] In *Gueye v. Page Tower, et al.*, 1:09-cv-385, 2011 WL 1791708, * 4 (S.D. Ohio, May 10, 2011), the Court held that, even if Plaintiff could prove a prima facie case of housing discrimination, Defendants' evidence that they evicted the Plaintiff for failure to pay rent was a non-discriminatory reason for the eviction, and Plaintiff did not establish with evidence that the stated reason was made as a pretext to cover any discriminatory motivation.

This allegation alone is not sufficient to support the assertion that Defendants chose to discriminate against Mr. Mercado because of his cancer. Furthermore, the Court considers the evidence in the record, including the rental agreement attached to the complaint. The rental agreement states at paragraph 25 that "[a]ny modification of this lease shall not be binding upon Landlord unless in writing and signed by Landlord or Landlord's authorized agent. No oral representation shall be effective to modify this lease." (ECF No. 2, Page ID 45). Despite Plaintiffs' efforts to turn Mr. Mercado's terrible health issue into an action for disability discrimination, the complaint, answer, and materials attached as exhibits to the complaint allege that Defendants were terminated for failure to timely pay rent, a non-discriminatory reason.

Plaintiffs' allegations fall short of showing that Defendants evicted the Plaintiffs *because* of Mr. Mercado's cancer. Plaintiffs allege:

> Defendants' alleged eviction of Plaintiffs for non-payment of rent was a pretext for Defendants' discrimination because, among other reasons, Plaintiffs were current on rent per the parties' agreement at the time, Defendants never sent Plaintiffs notice of any requirement to timely pay rent, and Defendants had previously consistently assured Plaintiffs that they should not worry about timely paying rent under the circumstances.

(ECF No. 2, Page ID 37, Compl. ¶ 31).

Although Plaintiffs allege that they "were current on rent per the parties' agreement at the time," they acknowledge and plead that they were three weeks late on their rent payment in February, 2014, when Defendants refused to accept the February rent[5]. (ECF No. 2, Page ID 36, Compl. ¶ 21).

---

[5] Plaintiffs offer no evidence of any written agreement to amend the lease requirements that rent be paid on time. Rather, they allege that Mr. Mercado "had a conversation with Defendants to inform them of the exact dates that rent would be forthcoming." (ECF No. 2, Page ID 36, Compl. ¶ 20).

6

Courts have held that economic conditions are not covered by the FHA, even when, as in this case, they may be brought about because of a disability or handicap. In *Salute v. Stratford Greens Garden Apts.,* 136 F.3d 293, 301 (2d Cir. 1998), the Second Circuit examined whether a landlord's participation in the Section 8 program should be deemed an "accommodation" within the meaning of the FHA. The Court explained that the claim was novel, in that the Plaintiffs sought an accommodation "that remedies their economic status, on the ground that this economic status results from their being handicapped." *Id*. The Court found that "it is fundamental that the law addresses the accommodations of handicaps, not the alleviation of economic disadvantages that may be correlated with having handicaps." *Id. See Schanz v. Village Apartments*, 998 F.Supp 784, 792 (E.D. Mich. 1998) (it is plaintiff's financial situation that that he is requesting defendants accommodate, and this would stretch the FHA "beyond its intended bounds"). Accordingly, this Court holds that the Motion to Dismiss Count 1 is **GRANTED**.

### C. Remand to State Court

This case was removed from state court to federal court based on federal question jurisdiction. *See* 28 U.S.C. § 1441(b) (allowing removal of actions "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States," without regard to the citizenship of the parties). This Court has determined that the Plaintiffs' federal claim does not survive Defendants' motions to dismiss. Here, as was the case in *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754 (6th Cir. 2000), this Court is not remanding because it lacks subject matter jurisdiction. Rather, the Court is remanding because the federal question claim did not survive the motions to dismiss under Fed. R. Civ. P. §§ 12(b)(c) and 12(c). In *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed. 2d 720 (1988), the Supreme Court held that "a district court has discretion to

remand pendent state-law claims rather than dismissing them, if the values of economy, convenience, fairness, and comity so dictate." *Bando*, at 761. In discussing the impact of the enactment of the Judicial Improvements Act of 1990 on the *Carnegie-Mellon* decision, the Sixth Circuit cited the D.C. Circuit's opinion in *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260 (D.C. Cir. 1995) as follows:

> Whether to remand or dismiss is a matter normally left to the discretion of the district court, *see Carnegie-Mellon*, 484 U.S. at 357, 108 S.Ct. at 622-23. We find this discretion unaffected by the subsequent enactment of 28 U.S.C. § 1367(d), in the Judicial Improvements Act of 1990 . . . . Section 1367(d) tolls the state statute of limitations on any state claim over which a federal court has exercised supplemental jurisdiction until 30 days after its dismissal. . . . We find no indication in the legislative history of the Judicial Improvements Act that Congress intended to limit the district court's discretion to remand in a case removed from state court. *Id*. at 1267.

*Bando* at 761.

In this case, the remaining claims are distinctly state law claims, and the values of economy, convenience, fairness, and comity combine to make it appropriate for a state court to exercise its jurisdiction over these allegations.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** the Motion to Dismiss of Defendants Evan and Emily Jackson as to Count I, (ECF No. 4), and **GRANTS** the Motion for Judgment on the Pleadings of Defendant Realty Place, Inc., as to Count I (ECF No. 7), and **REMANDS** this case to the Franklin County Court of Common Pleas. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

\_\_9-24-2015_____
**DATE**                                                              **EDMUND A. SARGUS JR.**
                                                                      **CHIEF UNITED STATES DISTRICT JUDGE**